Dear Ms. Orgeron:
You have asked this office to determine whether the law permits any of the following individuals to hold the position of Recreation Director for Lafourche Parish Recreation District No. 4. Three individuals have applied for the position of recreation director, specifically (1) a full-time employee of the Lafourche Parish government, (2) a full-time employee of the Lafourche Parish Detention Center, and (3) a full-time Lafourche Parish deputy sheriff.
The provisions of the Dual-Officeholding and Employment Laws, 42:61,et seq., prohibit one from holding two full-time positions concurrently. R.S. 42:63(E) states:
 (E) No person holding a full-time appointive office or full-time employment in the government of this state or political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
However, the law generally does not prohibit one from holding two positions where one is held on a part-time basis. R.S. 42:62(4) and (5) define "full-time" and "part-time" for purposes of dual-officeholding and provide:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. *Page 2 
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Because the position of recreation director is held on a part-time basis, the prohibition of R.S. 42:63(E) proves inapplicable.
Note the following directive of R.S. 42:66(D):
 (D) Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
We suggest that the provisions of the Lafourche Parish home rule charter be reviewed to determine whether the combination of proposed positions is prohibited by charter provision. Finally, our conclusion is limited to the application of the dual-officeholding provisions, and is made absent any civil service rule or regulation which would prohibit one from holding specific positions concurrently.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg